## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUKE ALEXANDER PRINDABLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-930-NJR |
| | ) | |
| | ) | |
| PHIL J. GILBERT, TANYA KELLEY, | ) | |
| STEPHEN P. MCGLYNN, STATE OF | ) | |
| ILLINOIS, and USA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Luke Alexander Prindable, a pre-trial detainee currently being held at the St. Clair County Jail, brings this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. § 1346. In his Complaint (Doc. 1), Prindable takes issue with the way his cases are being handled in this District. In a subsequent letter, he asks this Court to "take charge" of all of his pending lawsuits in this District and issue him injunctive relief in the form of a transfer to another facility (Doc. 8). He also seeks a subpoena for his medical records (Doc. 3).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

Prindable's Complaint (Doc. 1) takes issue with how several of the cases in this District are being handled. He indicates that he currently has seven lawsuits in this District regarding his treatment at the St. Clair County Jail (Doc. 1, p. 8). He sought injunctive relief in several of his cases, seeking a transfer to another facility as well as a transfer to a hospital. District Judge Phil J. Gilbert denied those requests. He also alleges that Tanya Kelley, a Deputy Clerk in this District's clerk's office, failed to type up a complaint the way Prindable wanted it worded (*Id*. at p. 9). He alleges in another case, District Judge Stephen P. McGlynn failed to address his motions for injunctive relief in a timely manner (*Id*. at p. 10).

Prindable fails to state a claim upon which relief may be granted. He seeks monetary damages and injunctive relief in the form of a transfer to another facility and a hospital (Doc. 1, p. 11). Prindable basically takes issue with the rulings he has received from both Judge Gilbert and Judge McGlynn in his pending cases. These rulings were issued in the course of their duties as judges, thus clearly implicating the doctrine of judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988). Judges are absolutely immune from suit for "acts performed by the judge in the judge's judicial capacity." *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005) (internal quotation marks and emphasis omitted). Federal judges are entitled to absolute judicial immunity, which confers complete immunity from suit. *See Dellenbach v.*

2

*Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989). "If a judge errs 'through inadvertence or otherwise, a party's remedy is through appellate process.'" *Dawson*, 419 F.3d at 660-61 (quoting *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985)); *see also Mireles*, 502 U.S. at 11 (finding that absolute immunity extends to judges even when they act maliciously or corruptly). Accordingly, his claims against Judge Gilbert and Judge McGlynn are **DISMISSED with prejudice**.

To the extent that he also takes issue with the actions of a district court clerk, that clerk is entitled to quasi-judicial immunity. *See Schneider v. Cnty. of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010) (extending judicial immunity to "those performing ministerial acts under a judge's supervision and intimately related to judicial proceedings" because "just as judges should not be subjected to lawsuits from disappointed litigants, neither should someone who acts as a judicial agent become a 'lightning rod for harassing litigation.'") (internal citations omitted); *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436–38 (1993) (overruling that portion of *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989), cert. denied, 493 U.S. 956 (1989), which held that court reporters and clerks were absolutely protected by judicial immunity). Further, Prindable fails to identify any constitutional violation against the clerk, nor is she a state actor for purposes of Section 1983. Prindable is upset with the way his Complaint was filed or possibly the wording of his claims as reflected in a Memorandum and Order issued by the presiding Judge (Doc. 1, p. 9). The actions of a court clerk who files an order signed by a Judge fall well within the ambit of quasi-judicial immunity. To the extent Prindable believes his claims

have been misconstrued, those issues can be remedied by filing a proper motion in his pending cases. Thus, any claim against Tanya Kelley is also **DISMISSED with prejudice**.

The Federal Tort Claims Act ("FTCA") also offers no avenue to relief. The FTCA provides jurisdiction for suits against the United States for torts committed by federal officers. 28 U.S.C. § 1346(b)(1). But Prindable fails to raise any such claim. He also fails to state a claim against the State of Illinois, which is not a "person" subject to suit for money damages under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

### Disposition

Accordingly, Prindable's Complaint and this entire action is **DISMISSED with prejudice**. This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Prindable wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Prindable does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 9, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**